GOLDBERG SEGALLA<sup>LLP</sup>

Todd D. Kremin | Partner
Direct 646.292.8746 | tkremin@goldbergsegalla.com

March 22, 2018

**VIA ECF & Courtesy Copy via Facsimile**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

> Re:   XL Specialty Insurance Company v. Prestige Fragrances, Inc.
>         Case No. 18-cv-00733 (PGG)

Dear Judge Gardephe:

Plaintiff XL Specialty Insurance Company ("XL Specialty") hereby requests a pre-motion conference regarding XL Specialty's intent to file a motion pursuant to Rule 12(b)(6) and Rule 12(f) to dismiss or strike certain causes of action and claims for damages in Defendant Prestige Fragrances, Inc.'s ("Prestige") Counterclaim and pursuant to Rule 12(f) to strike Prestige's demand for a jury trial. Counsel for Prestige does not consent to relief XL Specialty intends to seek in its Motion.

**I.    The Complaint and Counterclaim**

This action is an insurance coverage dispute involving marine cargo insurance policies issued by XL Specialty to Prestige. XL Specialty's Complaint for Declaratory Judgment seeks a judgment that the marine cargo policies issued to Prestige are rescinded and void *ab initio* based on Prestige's material misrepresentations and failures to disclose material information and that XL Specialty owes no obligation under the policies to provide coverage for a July 4, 2017 left of Prestige's inventory from a warehouse as a result of the policy rescission. (Complaint, ECF Dkt. No. 1.) Prestige's Counterclaim asserts three causes of action against XL Specialty: (1) declaratory judgment; (2) breach of contract; and (3) breach of the obligation of good faith and fair dealing. (Counterclaim, ECF Dkt. No. 10.) Prestige's claims for declaratory judgment and breach of contract are the converse of XL Specialty's Complaint in that Prestige seeks a declaratory judgment that XL Specialty must provide coverage for the July 4, 2017 theft loss and compensatory and consequential damages and attorneys' fees and costs for XL Specialty's denial of coverage. (*Id.*, ¶¶ 43-49, 50-53 and p. 20-21.) Prestige's third cause of action alleges that XL Specialty breached a duty of good faith and fair dealing when it rescinded the policies and failed to provide coverage for the theft loss. (*Id.* ¶¶ 54-68, and p. 21.) The breach of good faith and fair dealing claim seeks actual damages, consequential damages, attorneys' fees and exemplary and punitive damages. (*Id.*, p. 21.) The Counterclaim includes a demand for a jury trial. (*Id.*, p. 22.)

711 3rd Avenue, Suite 1900 | New York, NY 10017 | 646.292.8700 | Fax 646.292.8701 | **www.GoldbergSegalla.com**

NEW YORK | ILLINOIS | FLORIDA | CALIFORNIA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

8616179.1

Hon. Paul G. Gardephe
March 22, 2018
Page 2

## II.    Basis for XL Specialty's Motion to Dismiss or Strike Claims Under Rule 12(b)(6) and Rule 12(f)

Prestige's claim for the breach of good faith and fair dealing should be dismissed.  Under the controlling legal standard for a motion to dismiss under Rule 12(b)(6), Prestige has failed to state a claim upon which relief can be granted because it has failed to alleged factual matter sufficient to state a claim to relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  Likewise, Prestige's claims for punitive and exemplary damages, consequential damages and attorneys' fees and costs should be dismissed under Rule 12(b)(6) or stricken under Rule 12(f) because they are invalid as matter of law.

### A.    The Court Should Dismiss Prestige's Third Cause of Action for Breach of Good Faith and Fair Dealing

Federal admiralty law applies to claims under the XL Specialty marine cargo insurance policies, but Prestige's good faith and fair dealing claim is governed by New York law.[1] Prestige's claim for breach of good faith and fair dealing fails to state a claim upon which relief can be granted because New York law does not recognize a cause of action for breach of implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled.  *See Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).  An insured's breach of good faith and fair dealing claim against an insurer can be maintained only if the insured alleges a violation of a duty independent of the insurance contract.  *See New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 662 N.E.2d 763 (1995) (holding that where a insured is merely seeking to secure the benefits of its contract, the breach of the obligation of good faith and fair dealing claim will not lie because it is considered duplicative of the breach of breach of contract claim); *Sichel v. Unum Provident Corp.*, 230 F. Supp. 2d 325, 329 (S.D.N.Y. 2002); *see also Spandex House, Inc. v. Travelers Prop. & Cas. Co. of America, Inc.*, 2015 WL 509678, at *2 (S.D.N.Y. Feb. 6, 2015); *County of Orange v. Travelers Indem. Co.*, 2014 WL 1998240, at *2-3 (S.D.N.Y. May 14, 2014); *Wiener v. Unum Provident Corp.*, 202 F. Supp. 2d 116, 123 (S.D.N.Y. 2002); *Brown v. Paul Revere Life Ins. Co.*, 2001 WL 1230528, at *3-4 (S.D.N.Y. Oct. 16, 2001).

Prestige has failed to allege that XL Specialty breached a duty independent of the insurance contract.  Rather, the Counterclaim alleges conduct arising solely from XL Specialty's alleged breach of contract in denying coverage for the theft claim.  While the Counterclaim contains a number of conclusory allegations that XL Specialty "commit[ed] unfair and deceptive acts and practices in handling Prestige's claims" and "violat[ed] applicable statutory and regulatory provisions governing the business of insurance" (Counterclaim, ¶64), the crux of Prestige's claim is that XL Specialty refused to provide coverage under the policy for the July 4,

---

[1]    The XL Specialty policies' choice of law provision states that federal admiralty law and practice govern disputes under the policies where admiralty law and practice exist, and that New York substantive law applies where admiralty law and practice do not exist.  (See Counterclaim, Ex. A (XL Specialty policy), ECF Dkt. No. 10-1 at p. 25-26.)  Federal admiralty law does not provide substantive law applicable to Prestige's breach of good faith and fair dealing claim.

Hon. Paul G. Gardephe
March 22, 2018
Page 3

2017 theft loss.  Therefore, the sole basis for Prestige's counterclaims against XL Specialty is Prestige's disagreement with XL Specialty's coverage position, which cannot, on its own, form the exclusive basis for a bad faith claim.  Accordingly, the Third Cause of Action of the Counterclaim alleging breach of the obligation of good faith and fair dealing claim should be dismissed.

### B.  The Court Should Dismiss or Strike Prestige's Claim for Punitive Damages

Because Prestige's claim for breach of the obligation of good faith and fair dealing cannot stand as a matter of law, its claims for punitive damages in the third cause of action should also be dismissed.  However, additional grounds exist to dismiss Prestige's claim for punitive damages.  An insured is not entitled to recover punitive damages in a breach of contract dispute over insurance coverage, unless the insured establishes that the insurer engaged in an independent tort of an egregious nature that was directed at the insured *and the general public*.  In *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 634 N.E.2d 940 (1994), the New York Court of Appeals held that the "standard for awarding punitive damages in first-party insurance actions is 'a strict one' … and this extraordinary remedy will be available 'only in a limited number of instances.'"  In *New York Univ. v. Continental Ins. Co.*, the Court of Appeals reiterated the rule established in *Rocanova* and set forth the following pleading requirements for a claim for punitive damages against an insurer: (1) insurer's conduct must be actionable as an independent tort; (2) the tortious conduct must be of the egregious nature set forth in *Walker v. Sheldon*, 10 N.Y.2d 401, 179 N.E.2d 497 (1961); (3) the egregious conduct must be directed to plaintiff; and (4) it must be part of a pattern directed at the public generally.  *New York Univ.*, 87 N.Y.2d 308, 316 (1995).

Prestige has failed to allege conduct by XL Specialty actionable as an independent tort, that the alleged conduct was egregious in nature, or that such conduct was part of a pattern of conduct directed at the public at large.  Therefore, Prestige's claim for punitive damages in its third cause of action should be dismissed under Rule 12(b)(6) or stricken under Rule 12(f).

### C.  The Court Should Dismiss or Strike Prestige's Claims for Consequential Damages

Prestige seeks consequential damages in its second cause of action for breach of contract and its third cause of action for breach of good faith and fair dealing.  The claim for consequential damages in Prestige's third cause of action should be dismissed with the rest of the claim for the reasons stated above.  The claim for consequential damages for breach of contract is equally deficient and should be dismissed or stricken.

Prestige's claim for consequential damages appears to be based on the New York Court of Appeals' decision in *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187 (2008).  In that case, the court held that consequential damages are recoverable in a breach of contract action where the damages arising from the breach are foreseeable and probable, and that such consequential damages were within the contemplation of the parties at the time of contracting.  *See id.*, 10 N.Y.3d at 193–94.  However, Prestige has not pled facts sufficient to state a plausible claim for consequential damages based on an alleged breach of contract.  Other

Hon. Paul G. Gardephe
March 22, 2018
Page 4

than attorneys' fees for this action (which will be discussed below), Prestige's Counterclaim is devoid of any allegations identifying Prestige's alleged consequential damages. Prestige also fails to allege that the parties reasonably contemplated consequential damages of the kind Prestige seeks at the time the insurance policies were issued. Therefore, under the *Iqbal* pleading standard, Prestige's claim for consequential damages should be dismissed or stricken. *See Ripka v. Safeco Ins.*, No. 5:14-CV-1442, 2015 WL 3397961, *4-5 (N.D.N.Y. May 26, 2015); *Continental Info. Sys. Corp. v. Federal Ins. Co.*, No. 02 Civ. 4168, 2003 WL 145561, *4-5 (S.D.N.Y. Jan. 17, 2003).

### D. The Court Should Dismiss or Strike Prestige's Claim for Attorneys' Fees

Furthermore, Prestige's claim for attorneys' fees should be dismissed or stricken. A plaintiff cannot recover attorneys' fees except where authorized by the parties' agreement, a statutory provision or a court rule. *County of Orange v. Travelers Indem. Co.*, No. 13-CV-06790 NSR, 2014 WL 1998240, at *3 (S.D.N.Y. May 14, 2014). Further, "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *New York Univ.*, 87 N.Y.2d at 324, 662 N.E.2d at 772. This Court has dismissed improper claims for attorneys' fees on motions to dismiss. *See County of Orange*, 2014 WL at *4. Here, there is no agreement between Prestige and XL Specialty authorizing Prestige to recover attorneys' fees. Nor is there a statutory provision or court rule under which Prestige would be entitled to recover attorneys' fees or costs. Accordingly, Prestige's claim for attorneys' fees should be dismissed under Rule 12(b)(6) or stricken pursuant to Rule 12(f).

### III. Basis for Motion to Strike Prestige's Demand for a Jury Under Rule 12(f)

The Court should strike Prestige's demand for a jury trial because there is no right to a jury trial in actions brought under a Federal District Court's admiralty jurisdiction. XL Specialty brought this action in federal court based on admiralty jurisdiction pursuant to 28 U.S.C. § 1333. (Complaint, ¶ 3.) Admiralty law and practice apply because the XL Specialty policies are marine insurance policies which are governed by federal admiralty law and the policies' choice of law provision dictates that admiralty law and practice applies to the adjudication of disputes under the policies. Because diversity jurisdiction under 28 U.S.C. § 1332(a) provided an alternative basis for jurisdiction in this Court, XL Specialty designated this action as an admiralty claim pursuant to Rule 9(h). (*Id.*) Doing so implicates Rule 38(e), which states, "These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. Proc. 38(e). Based on these rules, "it is beyond question that the Seventh Amendment's guarantee of a jury trial in civil actions at common law does not extend to the trial of admiralty or maritime claims. No right to a jury trial exists as to such claims and trials are to the court." *See American Steamship Owners Mut. Protection and Indem Assoc., Inc. v. Lafarge N. America, Inc.*, No. 06 Civ. 3123(CSH), 2008 WL 2980919, at *2 (S.D.N.Y. Aug. 1, 2008) (citing 8 James Wm. Moore et al., Moore's Federal Practice, ¶ 38.32 (3d ed. 2007)).

The unavailability of a jury trial extends to Prestige's Counterclaim even though Prestige has brought the Counterclaim under the Court's diversity jurisdiction and asserts (contrary to the policies' controlling choice of law provision) that New York common law applies to the

Hon. Paul G. Gardephe
March 22, 2018
Page 5

Counterclaim.   In a "hybrid claim" such as this – meaning a Complaint designated as an admiralty claim under Rule 9(h) without a right to a jury trial and a counterclaim under diversity jurisdiction for which ordinarily there would be a right to trial by jury – the majority rule, which has been adopted by the Federal District Courts in New York, is that the entire case should be tried to the court without a jury.  *See American Steamship Owners*, at *2-4; *St. Paul Fire and Marine Ins. Co. v. Holiday Fair, Inc.,* No. 94 Civ. 5707, 1996 WL 148350 (S.D.N.Y. April 2, 1996); *Markel American Ins. Co. v. Linhart*, No. 11-CV-5094, 2012 WL 2930207 (E.D.N.Y. July 11, 2012).[2]  As Judge Haight stated in the *American Steamship Owners* case, "if the defendant's counterclaims arise out of the same contract as the plaintiff's claims and involve the same operative facts, the plaintiff's Rule 9(h) designation trumps defendant's jury demand, and the entire case will be tried to the court without a jury."  *Id.*, at *2.  Here, like in *American Steamship*, Prestige's Counterclaim arises out of the same contract as XL's claims and involves the same operative facts.  Moreover, is it not in the interest of judicial economy to allow this matter to proceed with a bench trial for XL Specialty's claim and a jury trial for Prestige's Counterclaim.  Accordingly, the Court should adopt the well-reasoned opinion of Senior District Judge Haight in *American Steamship*, and strike Prestige's demand for a jury trial.

Prestige will likely cite to *Sphere Drake Ins. PLC v. J. Shree Corp.*, 184. F.R.D. 258 (S.D.N.Y. 1999), as support for preserving its jury demand.  In *Sphere Drake*, the court, based solely upon the facts of that case, denied plaintiff's motion to strike defendant's jury demand, allowing a jury trial based on defendant's counterclaims for breach of contract and bad faith.  However, the court in *American Steamship* expressly considered the holding in *Sphere Drake* and declined to follow it in favor of the majority rule.

XL Specialty appreciates the opportunity to discuss these matters with Your Honor and counsel for Prestige in a pre-motion conference.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

Todd D. Kremin

TDK:hnl

cc:   All Counsel of Record (*via* ECF)
      Louis H. Kozloff
      Hillary N. Ladov

---

[2]      The majority rule has been followed by many other Federal District Courts.  *See, e.g., St. Paul Fire & Marine Ins. Co. v. Abhe & Svoboda, Inc.*, Civ. No. 12-1482, 2017 WL 2274956, at *6 (D. Minn. May 24, 2017); *Windsor Mount Joy Mut. Ins. Co. v. Johnson*, 264 F. Supp. 2d 158, 162 (D.N.J. 2003); *Norwalk Cove Marina, Inc. v. SS/V Odysseus*, 100 F. Supp. 2d 113, 114 (D. Conn. 2000).