# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Joshua Gold, Esq.
jgold@andersonkill.com
212-278-1886

March 27, 2018

**By ECF and Courtesy Copy by Facsimile**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 100007

Re: **XL Specialty Insurance Company v. Prestige Fragrances, Inc.
Case No. 18-cv-00733 (PGG)**

Dear Judge Gardephe:

Defendant/Counterclaim Plaintiff Prestige Fragrances, Inc. ("Prestige") respectfully submits this response to the pre-motion conference letter of Plaintiff XL Insurance Company ("XL Speciality"). The bases underpinning the anticipated motion of XL Specialty to dismiss certain of Prestige's counterclaims lack merit.

Prestige consents to the filing of XL Speciality's motion, but for the reasons set forth herein, Prestige does not consent to the actual relief sought by XL Specialty.

1. **The Court Should Not Strike Prestige's Jury Demand Because Admiralty Jurisdiction Does Not Exist Over This Controversy.**

As an initial matter, almost the entirety of XL Specialty's case rests on the incorrect premise that the insurance policy at issue is a maritime contract that gives rise to admiralty jurisdiction. The Second Circuit requires that a "threshold inquiry into whether an issue related to maritime interests has been raised." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 85 F.3d 68, 74 (2d Cir. 1996); *see also, Folksamerica Reinsurance Co. v. Clean Water of N.Y., Inc.*, 413 F.3d 307, 312 (2d Cir. 2005) (recognizing that courts must "first make a 'threshold inquiry' into the subject matter of the dispute" (*quoting Balfour*)). The Second Circuit has expressly recognized that a claim under an open cargo marine policy for theft or mysterious disappearance of goods in a warehouse is "so attenuated from the business of maritime commerce that it does not implicate the concerns underlying admiralty and maritime jurisdiction." *Balfour*, 85 F.3d at 73-75. Accordingly, the dispute at issue fails the threshold inquiry.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

docs-100006135.4

**Anderson Kill P.C.**

Hon. Paul G. Gardephe
March 27, 2018
Page 2

The "nature and character" of the contract also demonstrates that admiralty jurisdiction does not exist here. *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307, 312 (2d Cir. 2005).

Accordingly, XL Specialty's efforts to deny Prestige's right to a jury trial (Section III of XL Specialty's letter) fails.

### 2. Prestige is Entitled to Consequential Damages on Its Breach of Contract Claim.

Consequential damages are available to policyholders where an insurance company improperly denies coverage or fails to pay a covered claim promptly. *Bi-Economy Market, Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187 (2008), In alleging breach of an insurance policy, "the non breaching party may recover general damages which are the natural and probable consequence of the breach[;] special, or consequential damages, which do not so directly flow from the breach are also reasonable in limited circumstance." *Bi-Economy*, 10 N.Y.3d at 1921 (citations omitted); *see also, Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200 (2008) (denying motion to dismiss claims for consequential damages); *Quick Response Commercial Division LLC v. Travelers Prop. Cas. Co. of America*, 2009 U.S. Dist. LEXIS 95438, *5 ("[The policyholder] is permitted under New York law to seek consequential damages in its breach of contract action against [the insurance company].").

XL Specialty claims Prestige's counterclaim lacks allegations identifying its alleged consequential damages. However, in addition to pre-and post-judgment interest, as well as all losses Prestige might suffer in the future for the warehouse theft, Prestige has asserted a claim for attorneys' fees and costs. Contrary to XL Specialty's belief that attorneys' fees are not available (Section II.D. of its letter), attorneys' fees and costs are consequential damages that an insurance company might be obligated to pay. *See, AMTRAK v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015) (J. Rakoff) (recognizing exception to general rule prohibiting claims for attorneys' fees where policyholder can demonstrate bad-faith denial of coverage) (citations omitted); *Quick Response, supra,* at *5 (N.D.N.Y. Oct. 14, 2009) (J. Sharpe).

### 3. Prestige's Counterclaim for XL Speciality's Breach of Good Faith and Fair Dealing is Not Duplicative and Should Not Be Dismissed.

XL Specialty incorrectly seeks dismissal of Prestige's claim for breach of the implied covenant of good faith and fair dealing because it mistakenly believes the claim is duplicative of Prestige's breach of contract claim (Section II.A of its letter).

Prestige alleges more than just XL Specialty's denial of coverage as the basis for its breach of good faith and fair dealing cause of action. *See O.K. Petroleum Distribution Corp. v. Travelers Indem. Co.*, 2010 U.S. Dist. LEXIS 71465, at *4 (S.D.N.Y. July 15, 2010); *MBIA Ins. Corp. v. Credit Suisse Securities (USA) LLC*, 32 Misc. 3d 758,

778 (N.Y. Sup. Ct. 2011), *rev'd on other grounds*, 102 A.D.3d 488 (1st Dep't 2013) (holding that causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing may stand together where party engages in conduct that injures or frustrates other party's right to receive fruits of contractual bargain). XL Speciality's denial of coverage was not only improper, it was also unreasonable. Prestige claims, among other allegations, that XL Specialty: improperly seeks to rescind the policies by imposing a heightened disclosure obligation based on the argument that admiralty law applies, despite the fact the theft and coverage does not implicate maritime interests; ignores Prestige's disclosure of the 2010 theft prior to the both the issuance of the relevant insurance policy and relevant loss at issue; elected to bind and sell coverage without loss runs and a formal application; unreasonably and improperly investigated the claim; committed unfair and deceptive acts and practices in handling the claim; and failed to pay reasonably promptly after agreeing to the claim amount.

Given these facts, which must be taken as true, Prestige has sufficiently alleged that XL Specialty breached the covenant of good faith that is separate and distinct from XL Specialty's breach of the policies. At the very least, a determination as to whether Prestige's claim for breach of good and fair dealing is duplicative of its breach of contract claim is premature. *See Quick Response, supra,* at *5 (denying insurance company's motion to dismiss claim for breach of covenant of good faith and fair dealing at the pleading stage). Alternatively, Prestige should be afforded the opportunity to amend its Counterclaim to plead this cause of action with more specificity. *See Concord Asset Mgt. v Intercredit Corp.*, 1994 US Dist LEXIS 5854, at *9 (S.D.N.Y. May 5, 1994) (granting motion for leave to file amended Counterclaim setting forth claim for breach of good faith and fair dealing where counterclaim is compulsory, pleader has acted in good faith, no undue prejudice would result, and counterclaim raises meritorious claims).

### 4. The Court Should Not Strike Prestige's Demand for Punitive Damages Under Its Claim for Breach of Good Faith and Fair Dealing.

XL Specialty seeks to dismiss Prestige's claim for punitive damages on the basis that New York law does not permit a policyholder to recover punitive damages in a breach of contract dispute over insurance coverage (Section II.B of its letter); yet, there has been no choice of law ruling in this case (it appears, however, that XL Specialty believes admiralty law applies to some aspects of this case and New York law applies to other issues).

While we believe choice of law arguments are premature at this stage given questions may arise over the underwriting, brokering and delivery of the insurance policy to Prestige, if XL Specialty argues there is no such remedy available under New York law, then the Court should apply New Jersey law with respect to Prestige's demand for punitive damages as the bad faith conduct was aimed at Prestige, where the main business operations took place in New Jersey and the claims correspondence was directed there. New Jersey recognizes a cause of action for bad faith denial of

**Anderson Kill P.C.**

Hon. Paul G. Gardephe
March 27, 2018
Page 4

insurance coverage where the denial is for reasons that are "not even debatably valid and the economic losses sustained by the policyholder are clearly within the contemplation of the insurance company." *Pickett v. Lloyd's*, 131 N.J. 457, 461 (1993). New Jersey also has a strong public policy ensuring that New Jersey policyholders receive prompt payment on their covered insurance claims and fair treatment.

Prestige appreciates the opportunity to discuss these matters further at a pre-motion conference. We respectfully submit that in the interest of the economical use of judicial and party resources, these pre-motion issues be addressed at the (already scheduled) Pre-Trial Conference on April 26th.

Respectfully submitted,

Joshua Gold

cc: All Counsel of Record (By ECF)
    Louis H. Kozloff
    Hillary N. Ladov

docs-100006135.4