

Louis H. Kozloff  |  Partner
Direct 267.519.6821  |  lkozloff@goldbergsegalla.com

May 14, 2018

**VIA ECF & Courtesy Copy via Facsimile**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:    **XL Specialty Insurance Company v. Prestige Fragrances, Inc.
              Case No. 18-cv-00733 (PGG)**

Dear Judge Gardephe:

      I am writing on behalf of Plaintiff/Counterclaim-Defendant, XL Specialty Insurance Company ("XL Specialty") to inform the Court that XL Specialty intends to file a motion pursuant to Rules 12(b)(6) and 12(f) to dismiss or strike certain claims for damages and immaterial and impertinent factual allegations in Defendant/Counterclaim-Plaintiff Prestige Fragrances, Inc.'s ("Prestige") Amended Counterclaim.

      As the Court is aware, XL Specialty submitted a letter to the Court on March 22, 2018 requesting a pre-motion conference to discuss XL Specialty's intent to file a Rule 12 motion in response to Prestige's original Counterclaim. At the Initial Scheduling Conference on April 26, 2018, the Court offered its preliminary views on XL Specialty's proposed Motion. Based on perceived legal and pleading deficiencies in Prestige's original Counterclaim, the Court gave Prestige an opportunity to file an Amended Counterclaim, which it has now done (ECF Dkt. No. 21). The Court has instructed XL Specialty to advise the Court whether it intends to proceed with a Rule 12 motion in response to the Amended Counterclaim.

      XL Specialty intends to file a motion to dismiss pursuant to Rule 12(b)(6), and alternatively to strike pursuant to Rule 12(f). XL Specialty acknowledges that Prestige's Amended Counterclaim has cured some of the defects found in the original Counterclaim. For example, the Amended Counterclaim no longer includes a separate cause of action for breach of good faith and fair dealing and no longer includes a demand for punitive damages. Nonetheless, Prestige's Amended Counterclaim suffers from some of the same defects as the original Counterclaim.

      As in the original Counterclaim, the Amended Counterclaim's claim for consequential damages under *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187 (2008), fails to allege facts sufficient to state a plausible claim for consequential damages based on an alleged breach of contract. In particular, Prestige has failed to allege specific facts concerning the coverage provided by the XL Specialty insurance policy and the type of consequential damages claimed that are sufficient to demonstrate that the specific type of injury

1700 Market Street, Suite 1418  |  Philadelphia, PA 19103  |  267.519.6800  |  Fax 267.519.6801  |  **www.GoldbergSegalla.com**
NEW YORK  |  ILLINOIS  |  FLORIDA  |  CALIFORNIA  |  MARYLAND  |  MISSOURI  |  NORTH CAROLINA  |  PENNSYLVANIA  |  NEW JERSEY  |  CONNECTICUT  |  UNITED KINGDOM
8948681.v1

Hon. Paul G. Gardephe
May 14, 2018
Page 2

Prestige claims "was of the type contemplated by the parties at the time of contracting." *See Cont'l Info. Sys. Corp. v. Fed. Ins. Co.*, 2003 WL 145561, at *4 (S.D.N.Y. Jan. 17, 2003).

In addition, the Amended Counterclaim continues to include a claim for attorneys' fees that is legally deficient under New York law. It is well settled under New York law that a plaintiff cannot recover attorneys' fees except where authorized by the parties' agreement, a statutory provision or a court rule. *See County of Orange v. Travelers Indem. Co.*, No. 13-CV-06790 NSR, 2014 WL 1998240, at *3 (S.D.N.Y. May 14, 2014). Furthermore, "an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy." *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 324, 662 N.E.2d 763, 772 (1995). Although, there may be a *potential* exception to the general rule prohibiting claims for attorneys' fees "when the insured can make a showing of such bad faith [on the part of the insurer] in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it," *see Nat'l R.R. Passenger Corp. v. Arch Specialty Ins. Co.*, 124 F. Supp. 3d 264, 280 (S.D.N.Y. 2015), Prestige has not alleged facts sufficient to establish this potential exception.[1] Although the Amended Counterclaim contains conclusory allegations that XL Specialty breached duties of good faith and fair dealing, the specific allegations of pertinent facts amount to no more than differing views on whether XL Specialty was entitled to rescind policies issued to Prestige based on Prestige's misrepresentations and non-disclosure of material information during the underwriting of the policies. The allegations that were sufficient to overcome a motion to dismiss in *Nat'l R.R. Passenger Corp.* are distinguishable from the allegations in the Amended Counterclaim.

Furthermore, the Amended Counterclaim includes factual allegations that were not in the original Counterclaim which should be stricken under Rule 12(f) because they are impertinent and immaterial to the causes of action pled. For example, Prestige alleges that XL Specialty is an "institutional litigant in courts around the country and this Circuit" and suggests that XL Specialty files lawsuits against its insureds recognizing that it will force insureds to incur litigation costs to secure coverage. (Second Amended Counterclaim, ECF Dkt. No. 21, at ¶ 75.) Prestige also alleges speculatively that an affiliate of XL Specialty engaged in such conduct in a 2016 lawsuit in this Court filed by a number of insurers. (*Id.*, at ¶ 40.) XL Specialty's experience, or that of its affiliates, in litigating coverage disputes regarding other claims, involving other policies and other insureds and under varying circumstances is immaterial and impertinent to any relevant issue in this litigation. Prestige's speculative allegations regarding other litigation XL Specialty affiliates engaged in should be stricken to prevent discovery from unnecessarily straying into these immaterial and irrelevant matters. In addition, because Prestige's remaining claims in the Amended Counterclaim are for declaratory judgment and breach of contract, allegations of XL Specialty's conduct that is unrelated to the underwriting of the XL Specialty policies and XL Specialty's response to Prestige's claim for coverage for the loss at issue are immaterial and impertinent to the remaining claims.

Finally, in its March 22, 2018 letter, XL Specialty stated that it intended to file a motion pursuant to Rule 12(f) to strike Prestige's Jury Demand. As the Court pointed out at the April

---

[1] XL Specialty maintains that there is no such exception under New York law.

8948681.v1

Hon. Paul G. Gardephe
May 14, 2018
Page 3

26, 2018 conference, there are legal and factual issues that must be addressed to determine whether Prestige's Jury Demand is appropriate. Accordingly, although XL Specialty will not pursue a Rule 12(f) motion to strike the Jury Demand at this time, XL Specialty reserves the right to move to strike the Jury Demand pursuant to Rule 39(a)(2) at a later time.

                                                  Respectfully submitted,

                                                  **GOLDBERG SEGALLA LLP**

                                                  Louis H. Kozloff

LHK:tg

cc:    All Counsel of Record (*via* ECF)
        Todd D. Kremin
        Hillary N. Ladov

8948681.v1