# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, GREAT AMERICAN INSURANCE COMPANY, AGCS- MARINE INSURANCE COMPANY, CATLIN INSURANCE COMPANY AND XL INSURANCE GROUP, <br><br> Plaintiffs, <br><br> v. <br><br> BORINKEN TOWING AND SALVAGE LLC, <br><br> Defendant. | Civil Action No.: 16-cv-2652 <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT IN ADMIRALTY** |

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), Great American Insurance Company ("GAIC"), AGCS-Marine Insurance Company ("AGCS"), Catlin Insurance Company ("Catlin") and XL Insurance Group ("XL") (collectively, "Plaintiffs"), by their attorneys, Duane Morris LLP, as and for their Complaint for a declaratory judgment against defendant, Borinken Towing and Salvage LLC ("Defendant" or "Borinken"), allege on information and belief:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

2. This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

3.     This Court also has diversity of citizenship jurisdiction based upon 28 U.S.C. § 1332 in that Plaintiff and Defendant are citizens of different states. The amount in controversy exceeds $75,000 exclusive of interest and costs.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff Travelers is a legal entity organized and existing under the laws of the State of Connecticut with an office and principal place of business in Hartford, Connecticut.

6.     Plaintiff GAIC is a legal entity organized and existing under the laws of the State of Ohio with an office and principal place of business in Cincinnati, Ohio.

7.     Plaintiff AGCS is a legal entity organized and existing under the laws of the State of Delaware with an office and place of business in New York, New York.

8.     Plaintiff Catlin is a legal entity organized and existing under the laws of the State of Delaware with an office and principal place of business in Atlanta Georgia.

9.     Plaintiff XL is a legal entity organized and existing under the laws of the State of Delaware with an office and principal place of business in Stamford, Connecticut.

10.     Upon information and belief, Defendant Borinken is a legal entity organized and existing under the laws of the Virgin Islands (U.S.) with an office and principal place of business in Cayey, Puerto Rico.

## FACTUAL ALLEGATIONS

11.     Frenkel & Company, Inc. ("Frenkel") is a New York licensed and based insurance broker and acted as Borinken's insurance broker for the Policy at issue at all material times.

12.     In or about 2014, Frenkel approached Plaintiffs in New York to apply for marine insurance coverage for Borinken, including Hull and Machinery insurance coverage for the Barge CARIBBEAN PROVIDER (the "Barge" or "CARIBBEAN PROVIDER").

13.    The Barge was owned and operated by Borinken.

14.    Plaintiffs reviewed the information supplied to apply for the marine insurance coverage, and based upon the information supplied, agreed to participate in an ocean marine insurance policy for Borinken, including Hull and Machinery insurance coverage for the Barge.

15.    Plaintiff Travelers took a 30% participation in Hull and Machinery Policy No. ZOH-12N32658-14-NH to Borinken effective November 30, 2014 to February 20, 2016 (the "Policy").

16.    Plaintiff GAIC took a 30% participation in the Policy.

17.    Plaintiff AGCS took a 20% participation in the Policy.

18.    Plaintiff Catlin took a 10% participation in the Policy.

19.    Plaintiff XL took a 10% participation in the Policy.

20.    A copy of the Policy is Exhibit 1 hereto, and is incorporated herein as if set forth at length.

21.    Barge CARIBBEAN PROVIDER is a scheduled vessel under the Policy.

22.    The Policy provides coverage against certain named marine risks.

23.    The coverage for the hull of the Barge is against certain Named Perils.

24.    On or about January 2, 2016, the Barge allegedly incurred damage during a trip from Providenciales, Turks & Caicos to Ponce, Puerto Rico (the "Voyage").

25.    The Barge was supposed to be in Class with a reputable Classification Society.

26.    The Barge Class certificate had expired before the Voyage.

27.    The Barge Class certificate had outstanding recommendations prior to the Voyage.

28.     Borinken submitted a claim in excess of USD 75,000 under the Policy for the costs of repairing the damage claimed to the Barge (the "Claim").

29.     The damage and the repairs claimed were due to the Barge's deteriorated, wasted and unseaworthy condition, and being out of Class, and not due to a Named Peril or fortuity.

### FIRST CAUSE OF ACTION

30.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

31.     The Barge coverage is subject to the Negative Implied Warranty of Seaworthiness.

32.     Borinken violated the Negative Implied Warranty of Seaworthiness rendering the Policy Barge coverage unenforceable.

33.     Plaintiffs request that the Court issue Judgment declaring the Claim not covered.

### SECOND CAUSE OF ACTION

34.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

35.     The Barge coverage is subject to the Absolute Warranty of Seaworthiness.

36.     Borinken violated the Absolute Warranty of Seaworthiness precluding coverage.

37.     Plaintiffs request that the Court issue Judgment declaring the Claim not covered.

### THIRD CAUSE OF ACTION

38.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

39.     The Barge was not in a serviceable or seaworthy condition in violation of the Policy conditions, which caused or contributed to the alleged damage to the Barge.

40.     The failure to comply with the condition of coverage each precludes coverage under the Policy relative to the Claim.

41.     Plaintiffs request that the Court issue Judgment declaring the Claim not covered.

## FOURTH CAUSE OF ACTION

42.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

43.     A condition of coverage under the Policy is that Borinken provide routine and necessary maintenance to the Barge failing which Plaintiffs is not responsible for any resulting losses.

44.     Plaintiffs request that the Court issue Judgment declaring the Claim not covered.

## FIFTH CAUSE OF ACTION

45.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

46.     A condition of coverage is that the Barge be in Class at all times.

47.     Borinken failed to comply with the condition of coverage.

48.     The failure to comply with the condition of coverage each precludes coverage under the Policy relative to the Claim.

49.     Plaintiffs request that the Court issue Judgment declaring the Claim not covered.

## SIXTH CAUSE OF ACTION

50.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

51.     The Policy only responds for fortuitous losses.

52.     The claimed damage to the Barge was not due to a fortuity.

53.     The claimed cost of repair to the Barge was not the result of a fortuity.

54.     Plaintiffs request that the Court issue Judgment declaring that the Claim is not covered for want of fortuity.

## SEVENTH CAUSE OF ACTION

55.     Plaintiffs repeat and reallege each and every allegation contained above as if more fully set forth at length herein.

56.     The Barge coverage responds only for certain Named Perils.

57.     The Claim was not due to a Named Peril.

58.     Plaintiffs request that the Court issue Judgment declaring that the Claim is not covered for want of a Named Peril.

## EIGHTH CAUSE OF ACTION

59.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth at length herein.

60.     The Policy is a one of marine insurance and is governed by United States federal Admiralty law and by the doctrine of *Uberrimae Fidei.*

61.     Borinken had a duty to exercise the Utmost Good Faith.

62.     Borinken breached its duty of Utmost Good Faith and the doctrine of Uberrimae Fidei, by, inter alia, failing to disclose material information about the risk  when seeking the coverage and thereafter.

63.     Borinken's breach of its duty of Utmost Good Faith renders the Policy void ab initio.

64.     Plaintiffs request that the Court issue Declaratory Judgment that the Policy is void ab intio.

## NINTH CAUSE OF ACTION

65.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth at length herein.

66.     Borinken misrepresented, concealed or omitted material facts it had a duty to disclose.

67.     Borinken's misrepresentations, concealment or omissions breached the duty of Utmost Good Faith and the doctrine of *Uberrimae Fidei*.

68.     As a result of Reserve's material misrepresentations, concealment or omissions, it breached the duty of Utmost Good Faith and the doctrine of *Uberrimae Fidei* rendering the Policy void *ab initio*.

69.     Plaintiffs request that the Court issue Declaratory Judgment that the Policy is void *ab intio*.

## TENTH CAUSE OF ACTION

70.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth at length herein.

71.     Borinken failed to comply with the Terms and Conditions of Coverage relative to the Claim precluding coverage under the Policy.

72.     Plaintiffs request that the Court issue Declaratory Judgment that the violation of the Terms and Conditions of Coverage in the Policy relieves it of any obligation to provide coverage for the Claim.

**WHEREFORE**, Plaintiffs pray that this Court issue Judgment:

(1) declaring that there is no coverage for the Claim and the Plaintiffs have no duty to Borinken with respect to the Barge for the Claim under the Policy or otherwise;

(2) award Plaintiffs its legal fees and expenses and costs incurred herein; and

(3) for such other and further relief as the Court deems just and proper.

**DUANE MORRIS LLP**
A Delaware Limited Liability Partnership

Dated: November 14, 2016

By: _James W. Carbin_
James W. Carbin, Esq. (1656487)
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, New Jersey 07102-3889
(973) 424-2000
JWCarbin@duanemorris.com
Attorneys for Plaintiffs

# Duane Morris®

FIRM and AFFILIATE OFFICES

JAMES W. CARBIN
DIRECT DIAL: +1 973 424 2035
PERSONAL FAX: +1 973 556 1144

www.duanemorris.com

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
SHANGHAI
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY

ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO
SRI LANKA
ALLIANCE WITH
GOWERS INTERNATIONAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  December 1, 2016
```

December 1, 2016

**MEMO ENDORSED**

**VIA ECF, WITH COPY BY EMAIL**

Honorable Katherine P. Failla
United States District Judge
United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

>     Re:    *Travelers Property Casualty Company of America, et al. v. Borinken Towing
>            and Salvage LLC*
>            **Civil Action No. 1:16-cv-02652 (KPF)**
>            **DM File No.:  K1186-00001**

Dear Judge Failla:

We represent Plaintiffs in the captioned matter.

We write to request leave to file Plaintiffs' Second Amended Complaint, which was rejected by the ECF clerk for clerical reasons. The current Docket Sheet is Exhibit 1.

By Order dated November 9, 2016, and with Defendant's consent, the Court granted Plaintiffs leave to file their Second Amended Complaint to correct the name of a party, and Ordered the amended complaint be filed by November 18. [Dkt. No. 29, Nov. 9 Order. *See also* Dkt. No. 27, Defendant's Nov. 8 Letter, p. 2].

On November 14, Plaintiffs filed the Second Amended Complaint, which was rejected by the ECF clerk. [Dkt. No. 30]. Plaintiff refiled on November 15, and the filing was again rejected. [Dkt. No. 31].

On November 18, Plaintiffs' amended the caption of the Second Amended Complaint as directed by the clerk's office and re-filed. [Dkt. No. 32]. The filing was again rejected, this time

DUANE MORRIS LLP    *A DELAWARE LIMITED LIABILITY PARTNERSHIP*                                    WALTER GREENHALGH, RESIDENT PARTNER

ONE RIVERFRONT PLAZA, 1037 RAYMOND BLVD., SUITE 1800                      PHONE: +1 973 424 2000    FAX: +1 973 424 2001
NEWARK, NJ 07102-5429
DM1\7394281.1

DuaneMorris

December 1, 2016
Page 2

because information in the ECF system did not match the Second Amended Complaint. The rejection was not due to the contents of the Second Amended Complaint; the identical document was re-filed on November 23 and on 29. Ultimately, the Clerk's office refused to accept the Second Amended Complaint because the Second Amended Complaint "was filed correctly after the due date". [Exhibit 1, Docket Sheet, Nov. 30 Clerk's Notice (emphasis added)]. The Clerk's office will not accept the Second Amended Complaint unless the Court grants leave to file. [*Id.*]

Plaintiffs request leave to file the Second Amended Complaint in the format accepted by the clerk's office on November 30. The version accepted November 30 was initially filed (subject to technical problems) and electronically served November 18, within the time permitted by the Court's November 9 Order. Correcting the technical issues will not prejudice any party, particularly as the amendment only corrected a party name.

Sincerely,

James W. Carbin

JWC/jw
Enclosure

cc:     All counsel by ECF

Application GRANTED.

SO ORDERED.

Dated: December 1, 2016          HON. KATHERINE POLK FAILLA
       New York, New York        UNITED STATES DISTRICT JUDGE