

**GOLDBERG SEGALLA**LLP

Louis H. Kozloff | Partner
Direct 267.519.6821 | LKozloff@goldbergsegalla.com

November 21, 2018

MEMO ENDORSED

The Application is granted.

**VIA ECF & Courtesy Copy via Facsimile**

SO ORDERED:

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/18
```

Paul G. Gardephe, U.S.D.J.

Dated: Nov. 26, 2018

Re: **XL Specialty Insurance Company v. Prestige Fragrances, Inc.**
    **Case No. 18-cv-00733 (PGG)**

Dear Judge Gardephe:

I write on behalf of counsel for both parties, Plaintiff and Counterclaim-Defendant XL Specialty Insurance Company ("XL Specialty") and Defendant and Counterclaim-Plaintiff Prestige Fragrances, Inc. ("Prestige"), to jointly request leave for XL Specialty to amend its Complaint and for Prestige to file an amended Answer and Counterclaim in response. XL Specialty and Prestige each consent to its opposing party's amendment of the pleadings. Therefore, amendment of the pleadings is permitted under Federal Rule of Civil Procedure 15(a)(2).[1] The parties seek the Court's permission pursuant to Rule 16(b)(4) to modify the Court's Scheduling Order to permit amendment of the pleadings after the deadline for amending pleadings under the Court's Scheduling Order passed. Good cause exists for allowing the parties to amend their pleadings and neither party will be prejudiced by the other party's amendment at this stage of the litigation.

The Court's initial Civil Case Management Plan and Scheduling Order (ECF Dkt. No. 17) established June 1, 2018 as the deadline for seeking leave to amend the pleadings. Good cause exists for amending the pleadings after the deadline established by the Scheduling Order because the amendments are based on information each party obtained during discovery after the June 1, 2018 deadline for amending the pleadings. In addition, the parties do not anticipate that further fact discovery will be needed to address any new allegations in the amended pleadings. Therefore, amending the pleadings at this stage will not disrupt other case management deadlines. Furthermore, neither party will be prejudiced by amending the pleadings at this stage of the litigation because the amendments will conform the pleadings to information exchanged between the parties in discovery or obtained in depositions of non-parties that both parties attended. The amended pleadings will allege facts of which each party is already aware based on the exchange of information in discovery.

XL Specialty and Prestige propose the following amended pleadings:

---

[1] Rule 15(a)(2) provides that "A party may amend its pleading only with the opposing party's written consent or the court's leave."

1700 Market Street, Suite 1418 | Philadelphia, PA 19103-3907 | 267.519.6800 | Fax 267.519.6801 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | FLORIDA | CALIFORNIA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

21309055.v1

Hon. Paul G. Gardephe
November 21, 2018
Page 2

1. XL Specialty proposes filing an Amended Complaint to assert additional factual allegations in support of its claim for Declaratory Judgment for rescission of insurance policies issue to Prestige. XL Specialty's amended Complaint will not add new claims or causes of action.

2. Prestige proposes filing a Third Amended Answer and Counterclaim in connection with XL Specialty's amended pleading. Prestige anticipates that it will amend certain paragraphs of its Counterclaim based upon information obtained in discovery including what disclosures were made to XL Specialty representatives and what XL Specialty did and did not do with that information in the underwriting and claims handling processes. Prestige may also make amendments to its Counterclaim depending upon the amendments XL Specialty ultimately makes to its original Complaint. Prestige's amendments would be reflected in a newly amended Counterclaim, and possibly in its answer and affirmative defenses to XL Specialty's Amended Complaint. The anticipated amendments will not add new causes of action nor go beyond the discovery areas covered by the parties over the past several months of litigation.

3. XL Specialty has not filed a response to Prestige's current Second Amended Counterclaim because it responded to the Second Amended Counterclaim by filing a Motion to Dismiss under Rule 12 which has not been decided. XL Specialty will either renew its Rule 12 Motion or otherwise respond to the Third Amended Counterclaim by way of an Answer.

Counsel for XL Specialty and Prestige are available at the Court's convenience to discuss this request for leave to file amended pleadings either at or before the Pretrial Conference scheduled for November 29, 2018.

Respectfully submitted,

Louis H. Kozloff

LHK:fmb

cc:  Joshua Gold, Esquire (via ECF)
     Dennis J. Nolan, Esquire (via ECF)