**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY, | Civil Action No.: 1:18-cv-00733 |
| Plaintiff, | **PLAINTIFF AND COUNTERCLAIM-DEFENDANT XL SPECIALTY INSURANCE COMPANY'S RESPONSE TO PRESTIGE'S THIRD AMENDED COUNTERCLAIM** |
| v. | |
| PRESTIGE FRAGRANCES, INC., | |
| Defendant. | |
| | |
| PRESTIGE FRAGRANCES, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| XL SPECIALTY INSURANCE COMPANY, | |
| Counterclaim-Defendant. | |

Plaintiff and Counterclaim-Defendant XL Specialty Insurance Company ("XL Specialty") responds to Defendant and Counterclaim-Plaintiff Prestige Fragrances, Inc.'s ("Prestige") Third Amended Counterclaim as follows:

## PRELIMINARY STATEMENT

1.     The allegations of this paragraph of Prestige's Third Amended Counterclaim refer to the Third Amended Counterclaim.  The Third Amended Counterclaim is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

2.     Admitted.

3.     Admitted.

4.     Denied.

5.      XL Specialty admits in part and denies in part.  XL Specialty admits that it issued a Marine Cargo Policy to Prestige, bearing policy no. UM00031200MA16A, with an inception date of September 25, 2016 (the "Policy").  XL Specialty further admits that Exhibit A to Prestige's Third Amended Counterclaim is a true and correct copy of the Policy.  The Policy is a document that speaks for itself.  Any characterization or interpretation is denied.  XL Specialty denies Prestige's characterization of XL Specialty's coverage position.

**PARTIES**

6.      Admitted.

7.      Admitted.

**JURISDICTION**

8.      The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

9.      Admitted.

**XL INSURANCE'S SALE OF WAREHOUSE INSURANCE PROTECTION TO PRESTIGE IN 2014, 2015 AND 2016**

10.     Admitted.

11.     Admitted.

12.     Admitted in part; denied in part.  XL Specialty admits that prior to September 2014, Frenkel served as an insurance broker for trade credit insurance purchased by Prestige.  XL Specialty denies that during September 2014, Frenkel advised Prestige that XL Specialty would be interested in selling warehouse and cargo insurance to Prestige.

13.     Denied.

14.    Denied.

15.    Denied.

16.    This paragraph of Prestige's Third Amended Counterclaim refers to the Policy.  The Policy is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

17.    This paragraph of Prestige's Third Amended Counterclaim refers to the Policy which is a document that speaks for itself.  Any characterization or interpretation of the document is denied.  By way of further answer, XL Specialty admits that the subject warehouse is not near a port or marine terminal.

18.    This paragraph of Prestige's Third Amended Counterclaim refers to the Policy which is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

19.    Denied.

20.    This paragraph of Prestige's Third Amended Counterclaim refers to the Policy.  The Policy is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

21.    This paragraph of Prestige's Third Amended Counterclaim refers to the Policy.  The Policy is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

22.    This paragraph of Prestige's Third Amended Counterclaim refers to the Policy.  The Policy is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

23.    Admitted.

## THIEVES BROKE INTO PRESTIGE'S WAREHOUSE
## ON THE JULY 4, 2017 HOLIDAY AND STOLE MERCHANDISE

24.     Admitted.

25.     Admitted.

26.     XL Specialty admits that merchandise stored in Prestige's warehouse was stolen. XL Specialty lacks knowledge whether the vast majority of this merchandise was to be transported within the U.S. by trucking companies of Prestige's retailer clients, therefore this allegations is denied.

27.     Admitted.

28.     XL Specialty admits that the Policy was in full force and effect at the time of the Warehouse Theft and at the time the Warehouse Theft was reported to XL Specialty.  However, the Policy was subsequently rescinded on January 26, 2018.

29.     This paragraph of Prestige's Third Amended Counterclaim refers to a report issued to XL Specialty.  The report is a document that speaks for itself.  Any characterization or interpretation of the document is denied.

30.     Admitted in part; denied in part.  XL Specialty denies that it has wrongfully refused to pay Prestige's insurance claim.  XL Specialty admits only that if policy UM00031200MA16A had not been rescinded, Prestige's insurance claim would have constituted a covered loss under policy UM00031200MA16A and that the value of the covered loss would have been $1,526,087.00.

## XL INSURANCE'S RESCISSION ACTION IS A PRETENSE TO DENY
## COVERAGE FOR A COVERED WAREHOUSE THEFT INSURANCE CLAIM

31.     Admitted.

32.     Admitted.

33.     Admitted in part; denied in part.  XL Specialty admits only that the Warehouse Theft claim on July 4, 2017 was the first claim Prestige made to XL Specialty under marine cargo insurance policies issued by XL Specialty since September 25, 2014.  The remaining allegations are denied.

34.     Denied.

35.     Admitted in part; denied in part.  XL Specialty admits only that in November and December 2017, Prestige sought partial payment for the Warehouse Theft claim.  The remaining allegations are denied.

36.     Admitted in part; denied in part.  XL Specialty admits only that by letter dated January 26, 2018, XL Specialty denied coverage for the Warehouse Theft claim and rescinded the Policies.  The remaining allegations are denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

45.     Denied.

46.     Denied.

47.     Admitted in part; denied in part.  XL Specialty admits only that certain claims in Prestige's prior Counterclaims could be governed by New York law.  refers to XL Specialty's Amended Complaint.  The allegations refer to documents which speak for themselves.  Any characterization or interpretation of the documents is denied.  The allegations constitute conclusions of law to which no response is required.

48.     Denied.

49.     Denied.

**FIRST CAUSE OF ACTION
FOR DECLARATORY JUDGMENT**

50.     XL Specialty incorporates by reference its responses in paragraphs 1 through 49 of the XL Specialty's Response to Prestige's Third Amended Counterclaim as if fully set forth herein.

51.     Denied.

52.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

53.     Denied.

54.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

55.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this

paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

56.      XL Specialty denies that Prestige is entitled to attorneys' fees in connection with the relief it seeks.

## SECOND CAUSE OF ACTION
## FOR BREACH OF CONTRACT

57.      XL Specialty incorporates by reference its responses in paragraphs 1 through 56 of the XL Specialty's Response to Prestige's Third Amended Counterclaim as if fully set forth herein.

58.      Denied.

59.      Denied.

60.      Denied.

61.      The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

62.      The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

63.      Denied.

64.      The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

65.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

66.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

     a.   Denied.

     b.   Denied.

     c.   Denied.

     d.   Denied.

     e.   Denied.

     f.   Denied.

     g.   Denied.

67.     The allegations set forth in this paragraph of Prestige's Third Amended Counterclaim constitute a legal conclusion to which no response is required.  To the extent this paragraph could be construed to assert allegations of fact against XL Specialty, the allegations are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

8

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

WHEREFORE, XL Specialty requests that the Court enter judgment in its favor dismissing all counts of Prestige's Third Amended Counterclaim with prejudice.

### AFFIRMATIVE DEFENSES

XL Specialty, in response to the allegations set forth in Prestige's Third Amended Counterclaim, sets forth the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

The Third Amended Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Third Amended Counterclaim fail to state a claim because the insurance policy upon which Prestige's claims are based has been rescinded.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Third Amended Counterclaim are barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Third Amended Counterclaim are barred by Prestige's failure to act in utmost good faith.

## FIFTH AFFIRMATIVE DEFENSE

Prestige is not entitled to consequential damages as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Prestige is not entitled to attorneys' fees as a matter of law.

Dated: December 26, 2018                    **GOLDBERG SEGALLA LLP**


_/s/ Hillary N. Ladov_____
Todd D. Kremin
711 3rd Avenue, Suite 1900
New York, NY 10017-4013
(646) 292-8700

Louis H. Kozloff
Hillary N. Ladov
1700 Market Street, Suite 1418
Philadelphia, PA 19103
(267) 519-6800


*Attorneys for Plaintiff and Counterclaim-Defendant*
*XL Specialty Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 26, 2018, Plaintiff and Counterclaim-Defendant XL Specialty Insurance Company's Response to Prestige Fragrance's Third Amended Counterclaim was served by Electronic Case Filing upon counsel of record listed below:

Joshua Gold
Dennis J. Nolan
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020
jgold@andersonkill.com
dnolan@andersonkill.com

*/s/ Hillary N. Ladov*
Hillary N. Ladov
