# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

XL SPECIALTY INSURANCE COMPANY,

    Plaintiff,

    v.

PRESTIGE FRAGRANCES, INC.,

    Defendant.

_____

PRESTIGE FRAGRANCES, INC.,

    Counterclaim-Plaintiff,

    v.

XL SPECIALTY INSURANCE COMPANY,

    Counterclaim-Defendant.

Civil Action No.: 1:18-cv-00733

**DECLARATION OF HILLARY N. LADOV IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Hillary N. Ladov, Esquire, hereby declare as follows:

1.    I am an attorney with the law firm of Goldberg Segalla LLP and am counsel for XL Specialty Insurance Company ("XL") in this action.

2.    Attached as **Exhibit 1** is a true and correct copy of XL's Amended Complaint in this action (ECF No. 47).

3.    Attached as **Exhibit 2** is a true and correct copy of Prestige Fragrances, Inc.'s Third Amended Answer and Counterclaim in this action (ECF No. 48).

4.    Attached as **Exhibit 3** is a true and correct copy of selected pages of the transcript of the Deposition of Rao Sunkara.

5.      Attached as **Exhibit 4** is a true and correct copy of correspondence from Ken Bonamo of Frenkel & Company ("Frenkel"), to XL dated July 10, 2017 ("7/10/17 Correspondence").

6.      Attached as **Exhibit 5** is a true and correct copy of correspondence from XL to Prestige dated January 26, 2018 ("1/26/18 Correspondence").

7.      Attached as **Exhibit 6** is a true and correct copy of correspondence from XL to Prestige dated February 6, 2018 ("2/6/18 Correspondence").

8.      Attached as **Exhibit 7** is a true and correct copy of a summary of Prestige's business records reflecting purchases of inventory from January 1, 2017 to June 30, 2017, including documents identified by the following numbers:

RS000506315;   RS000506311;   RS000506312;   RS000506317;
RS000506313;   RS000492095;   RS000504735;   RS000521732;
RS000521710;   RS000521733;   RS000521711;   RS000521752;
RS000521734;   RS000521753;   RS000521755;   RS000521712;
RS000521756;   RS0005211713;  RS000521714;   RS000521735;
RS000521715;   RS000521736;   RS000521757;   RS000521716;
RS000521758;   RS000521737;   RS000521759;   RS000521738;
RS000521717;   RS000521760;   RS000521761;   RS000521739;
RS000521740;    RS000521719;   RS000521762;    RS0001720;
RS000521764;   RS000521721;   RS000521741;   RS000491486;
RS000521673;    PF00002473;    RS000521723;    RS0005217;
RS000521766;   RS000506313;   RS000521767;   RS000521725;
RS000521768;   RS000521742;   RS000521726;   RS000521769;
RS000521743;   RS000521770;   RS000491489;   RS000521728;
RS000521745;   RS000521729;   RS000521746;   RS000521730;
RS000521771;   RS000521731;   RS000521747;   RS000521748;
RS000520004;   RS000492093;   RS000491777;   RS000491478;
RS000519267;   RS000491488;   RS000520005;   RS000521710;
RS000520007;   RS000492094;   RS000491484;   RS000491487;
RS000491489;   RS000491485;   RS000492096;   RS000491482;
XLvPF005177; XLvPF005200; XLvPF005218; XLvPF005219

("Summary of Purchases").

9.     Attached as **Exhibit 8** is a true and correct copy of a summary of Prestige's business records reflecting the inventory Prestige claims was stolen the July 4, 2017 theft at its warehouse, including documents identified by the following numbers:

RS000506315;   RS000506311;   RS000506312;   RS000506317;
RS000506313;   RS000492095;   RS000504735;   RS000521732;
RS000521710;   RS000521733;   RS000521711;   RS000521752;
RS000521734;   RS000521753;   RS000521755;   RS000521712;
RS000521756;   RS0005211713;  RS000521714;   RS000521735;
RS000521715;   RS000521736;   RS000521757;   RS000521716;
RS000521758;   RS000521737;   RS000521759;   RS000521738;
RS000521717;   RS000521760;   RS000521761;   RS000521739;
RS000521740;   RS000521719;   RS000521762;   RS0001720;
RS000521764;   RS000521721;   RS000521741;   RS000491486;
RS000521673;   PF00002473;    RS000521723;   RS0005217;
RS000521766;   RS000506313;   RS000521767;   RS000521725;
RS000521768;   RS000521742;   RS000521726;   RS000521769;
RS000521743;   RS000521770;   RS000491489;   RS000521728;
RS000521745;   RS000521729;   RS000521746;   RS000521730;
RS000521771;   RS000521731;   RS000521747;   RS000521748;
RS000520004;   RS000492093;   RS000491777;   RS000491478;
RS000519267;   RS000491488;   RS000520005;   RS000521710;
RS000520007;   RS000492094;   RS000491484;   RS000491487;
RS000491489;   RS000491485;   RS000492096;   RS000491482;
XLvPF005177; XLvPF005200; XLvPF005218; XLvPF005219

("Summary of Claimed Inventory").

10.     Attached as **Exhibit 9** is a true and correct copy of the XL Marine Cargo Policy bearing policy number UM00031200MA14A ("2014 Policy").

11.     Attached as **Exhibit 10** is a true and correct copy of the XL Marine Cargo Policy bearing policy number UM00031200MA15A ("2015 Policy").

12.     Attached as **Exhibit 11** is a true and correct copy of the XL Marine Cargo Policy bearing policy number UM00031200MA16A ("2016 Policy").

13.     Attached as **Exhibit 12** is a true and correct copy of selected pages of the transcript of the Deposition of Stephen Lauria.

3

14.     Attached as **Exhibit 13** is a true and correct copy of the Expert Report of Stephen W. Connor ("Connor Report").

15.     Attached as **Exhibit 14** is a true and correct copy of selected pages of the transcript of the Deposition of Tom Votinelli.

16.     Attached as **Exhibit 15** are true and correct copies of documents evidencing Prestige's marine cargo loss claim to Indemnity Insurance Company of North America ("Indemnity") resulting from the 2010 Loss and payment of the claim by Indemnity ("2010 Loss Inventory Claim").

17.     Attached as **Exhibit 16** are true and correct copies of documents evidencing Prestige's property damage and business interruption claim to Hartford Insurance Company of the Midwest ("Hartford") resulting from the 2010 Loss and payment of the claim by Hartford ("2010 Loss Property Claim").

18.     Attached as **Exhibit 17** are true and correct copies of documents evidencing Prestige's cargo claim to AGCS Marine Insurance Company ("AGCS") resulting from the 2012 Loss and payment of the claim by AGCS ("2012 Loss Claim").

19.     Attached as **Exhibit 18** are true and correct copies of documents evidencing Prestige's cargo claim to AGCS resulting from the 2013 Loss and payment of the claim by AGCS ("2013 Loss Claim").

20.     Attached as **Exhibit 19** is a true and correct copy of pages from the website of Frenkel ("Frenkel Website") accessed on August 19, 2018.

21.     Attached as **Exhibit 20** is a true and correct copy of correspondence from Frank Doria ("Doria") to Rao Sunkara ("Sunkara") dated September 5, 2014 ("9/5/14 Correspondence Frenkel to Prestige").

4

22.     Attached as **Exhibit 21** is a true and correct copy of correspondence from Tom Votinelli ("Votinelli) to Navigators Management Company dated September 5, 2014 ("9/5/14 Correspondence Frenkel to Navigators").

23.     Attached as **Exhibit 22** is a true and correct copy of correspondence from Votinelli to Angela Nolan ("Nolan") of XL dated September 5, 2014 ("9/5/14 Submission").

24.     Attached as **Exhibit 23** is a true and correct copy of the Insurance Producer Agreement between XL and Frenkel ("Insurance Producer Agreement").

25.     Attached as **Exhibit 24** is a true and correct copy of selected pages of the transcript of the Deposition of Andrew D'Alessio.

26.     Attached as **Exhibit 25** is a true and correct copy of correspondence from Nolan to Votinelli dated September 5, 2014 ("9/5/14 Correspondence XL to Frenkel").

27.     Attached as **Exhibit 26** is a true and correct copy of the Marine Cargo Quote for Prestige that XL provided to Frenkel on September 9, 2014 ("2014 Quote").

28.     Attached as **Exhibit 27** is a true and correct copy of correspondence from Votinelli to Nolan dated September 11, 2014 ("9/11/14 Request to Bind").

29.     Attached as **Exhibit 28** is a true and correct copy of correspondence from Nolan to Votinelli dated September 11, 2014 ("9/11/14 Response to Request to Bind").

30.     Attached as **Exhibit 29** is a true and correct copy of correspondence from Votinelli to Nolan dated September 11, 2014 ("9/11/14 Votinelli Response to Nolan").

31.     Attached as **Exhibit 30** is a true and correct copy of the Underwriting Rationale for the 2014 Policy ("2014 Underwriting Rationale").

32.     Attached as **Exhibit 31** is a true and correct copy of correspondence from Votinelli to Lauria and Doria dated September 11, 2014 ("9/11/14 Internal Frenkel Correspondence").

33.     Attached as **Exhibit 32** is a true and correct copy of correspondence from Lauria to Sunkara dated September 12, 2014 ("9/12/14 Correspondence").

34.     Attached as **Exhibit 33** is a true and correct copy of correspondence from Valerie Brown of Aon to Prestige containing Prestige's loss runs as of October 2013 under Prestige's marine cargo policies with AGCS ("Email Containing Loss Runs").

35.     Attached as **Exhibit 34** is a true and correct copy of correspondence from Votinelli to Nolan dated August 6, 2015 ("8/6/15 Correspondence").

36.     Attached as **Exhibit 35** is a true and correct copy of the Marine Cargo Quote for Prestige that XL provided to Frenkel on September 9, 2015 ("2015 Quote").

37.     Attached as **Exhibit 36** is a true and correct copy of correspondence between Votinelli and Nolan dated from September 9, 2015 to September 18, 2015 ("2015 Quote Correspondence").

38.     Attached as **Exhibit 37** is a true and correct copy of the 2015 Renewal Underwriting Rationale ("2015 Renewal Underwriting Rationale").

39.     Attached as **Exhibit 38** is a true and correct copy of correspondence from Votinelli to Sunkara dated August 1, 2016 ("8/1/16 Correspondence").

40.     Attached as **Exhibit 39** is a true and correct copy of correspondence between Votinelli and Nolan dated August 9, 2016 and August 15, 2016 ("Correspondence Regarding 2016 Renewal").

6

41.     Attached as **Exhibit 40** is a true and correct copy of the 2016 Renewal Underwriting Rational ("2016 Renewal Underwriting Rationale").

42.     Attached as **Exhibit 41** is a true and correct copy of the Marine Cargo Quote for Prestige that XL provided to Frenkel on August 17, 2016 ("2016 Quote").

43.     Attached as **Exhibit 42** is a true and correct copy of correspondence from D'Alessio to Votinelli dated September 7, 2016 ("9/7/16 Correspondence").

44.     Attached as **Exhibit 43** is a true and correct copy of correspondence from Votinelli to D'Alessio dated September 15, 2016 ("9/15/16 Correspondence").

45.     Attached as **Exhibit 44** is a true and correct copy of selected pages of the transcript of the Deposition of Allen Myers.

46.     Attached as **Exhibit 45** is a true and correct copy of the warehouse survey report issued by Regional Report Inc. ("RRI Report").

47.     Attached as **Exhibit 46** is a true and correct copy of the Rebuttal Expert Report of Robert Medeiros ("Medeiros Report").

48.     Attached as **Exhibit 47** is a true and correct copy of selected pages of the transcript of the Deposition of Robert Medeiros.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:   January 14, 2019

Hillary N. Ladov

7