UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XL SPECIALTY INSURANCE COMPANY,

    Plaintiff / Counterclaim-Defendant

    - against -

PRESTIGE FRAGRANCES, INC.,

    Defendant / Counterclaim-Plaintiff.

**ORDER**

18 Civ. 733 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

    In this action, Plaintiff and Counterclaim-Defendant XL Specialty Insurance Company ("Plaintiff" or "XL Specialty") seeks a declaration that three successive insurance policies the company issued to Defendant and Counterclaimant Prestige Fragrances, Inc. ("Defendant" or "Prestige") are rescinded and void ab initio, and that as a result, Plaintiff has no obligation to provide coverage to Prestige for losses that Prestige incurred in connection with a theft from its New Jersey warehouse. (Am. Cmplt. (Dkt. No. 47)) Prestige has counterclaimed, seeking a declaration that the policies are not void and that XL Specialty is obligated to cover losses from the warehouse theft, and alleging that XL Specialty breached the most recently issued policy. (Third Am. Counterclaim (Dkt. No. 48))

    Plaintiff has moved for summary judgment on its claims in the Amended Complaint and on Defendant's Third Amended Counterclaim. (Mot. (Dkt. No. 54)) Plaintiff argues, inter alia, that the insurance policies are maritime contracts to which federal admiralty law – and federal admiralty law's duty of uberrimae fidei, or "utmost good faith" – applies; and that Prestige violated that duty by failing to disclose prior losses and insurance claims. (Pltf. Br. (Dkt. No. 55)) For reasons that will be explained in a forthcoming opinion, this Court concludes

that the insurance policies are maritime contracts, to which the duty of uberrimae fidei applies, and that the parties did not contract around this duty. The Court further concludes, however, that there are material issues of fact as to (1) whether the insurance broker involved in procuring the policies acted as Plaintiff's agent, and thus whether Prestige's disclosures to the broker about its prior losses should be imputed to Plaintiff; and (2) whether Prestige's alleged failures to disclose were material to and relied upon by XL Specialty in issuing the policies.

Accordingly, Plaintiff's motion for summary judgment on its claims in the Amended Complaint is granted only to the extent that the Court finds that the insurance policies at issue are maritime contracts to which federal admiralty law applies. Plaintiff's motion for summary judgment as to its claims is otherwise denied. Plaintiff's motion for summary judgment on Prestige's Third Amended Counterclaim is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 54).

Trial in this action will commence on November 12, 2019, at 9:30 a.m. in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Pre-trial submissions – including the materials listed in Sections X.A, X.C., and X.D of this Court's Individual Rules of Practice in Civil Cases – are due on October 29, 2019. Any responsive papers are due on November 5, 2019.

Dated: New York, New York
      September 30, 2019

                                        SO ORDERED.

                                        Paul G. Gardephe
                                        United States District Judge